UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEAZLEY INSURANCE COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE ALACER GROUP, LLC and ALACER TECHNOLOGY SOLUTIONS, LLC,<br><br>Defendant. | No. 2:24-cv-1713<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff Beazley Insurance Company, Inc. ("Beazley"), seeks a declaratory judgment that it is not obligated under the terms of an insurance policy to defend or indemnify Defendants The Alacer Group, LLC and Alacer Technology Solutions, LLC ("Alacer") against claims asserted against Alacer in a separate action pending in the Superior Court of the State of Washington for the County of King.

**NATURE OF THE ACTION**

1. This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a judicial declaration concerning coverage under an insurance policy issued by Beazley.

2. Beazley issued AFB Media Tech Policy No. V1204F170701 to Alacer, with a policy period from October 3, 2017, to October 3, 2018 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit 1.

3. The Alacer Group, LLC seeks coverage under the Policy for a pending lawsuit captioned *National Union Fire Ins. Co. of Pittsburgh, P.A. v. The Alacer Group, LLC*,

COMPLAINT FOR DECLARATORY JUDGMENT - 1
(2:24-cv-1713)

Washington Superior Court, Case No. 23-2-20754-8 SEA (the "Subrogation Lawsuit"). A true and accurate copy of the operative complaint in the Subrogation Lawsuit is attached hereto as Exhibit 2.

4. The Subrogation Lawsuit relates to a 2018 indemnification demand that the Bank of Hope made against Alacer for a data breach incident (the "Data Breach").

5. National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), as subrogee and assignee of the Bank of Hope, filed the Subrogation Lawsuit against Alacer.

6. Beazley has denied owing any coverage to Alacer for the Data Breach and the Subrogation Lawsuit.

7. An actual and justiciable controversy exists between the parties. Alacer contends that Beazley is obligated to defend and indemnify Alacer against the claims of the Subrogation Lawsuit. Beazley contends that it has no such obligations because Alacer failed to timely notify Beazley of the "Claim" as required by the Policy.

8. Beazley has commenced this declaratory judgment action against Alacer to obtain a judicial determination that it has no obligation to defend or indemnify Alacer in connection with the Subrogation Lawsuit.

**PARTIES**

9. Plaintiff Beazley Insurance Company, Inc. is an insurance company incorporated under the laws of Connecticut and with its principal place of business in Connecticut.

10. Defendant The Alacer Group, LLC is a Washington Limited Liability Company. It has two LLC members, who are individuals residing in Washington and North Carolina.

11. Defendant Alacer Technology Solutions, LLC is a Washington Limited Liability Company. Upon information and belief, it has two LLC members, who are individuals residing in Washington and North Carolina.

COMPLAINT FOR DECLARATORY JUDGMENT - 2
(2:24-cv-1713)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## JURISDICTION AND VENUE

12. Jurisdiction over this action exists by virtue of 28 U.S.C. § 1332(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

13. This Court has the authority and jurisdiction to declare the parties' rights and obligations as requested herein pursuant to 28 U.S.C. §§ 2201 and 2202.

14. This Court has personal jurisdiction over the Defendants because Alacer was formed under the law of Washington and regularly engages in business in this District.

15. Venue is appropriate in this District under 28 U.S.C. § 1391.

16. Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because Alacer's principal place of business is located in King County, Washington.

## FACTUAL ALLEGATIONS

**The Beazley Policy**

17. Subject to all terms, conditions, and exclusions, the Policy provides certain coverages for liability claims on a "claims made and reported basis."

18. The Policy provides, in all capitals and bold, as follows:

> **NOTICE: COVERAGE UNDER INSURING AGREEMENTS A., B., C., E., F., AND G. OF THIS POLICY IS PROVIDED ON A CLAIMS MADE AND REPORTED BASIS AND APPLIES ONLY TO CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD OR THE OPTIONAL EXTENSION PERIOD (IF APPLICABLE) AND REPORTED TO THE UNDERWRITERS DURING THE POLICY PERIOD OR AS OTHERWISE PROVIDED IN CLAUSE IX. OF THIS POLICY. AMOUNTS INCURRED AS CLAIMS EXPENSES UNDER THIS POLICY SHALL REDUCE AND MAY EXHAUST THE LIMIT OF LIABILITY AND ARE SUBJECT TO RETENTIONS.**

19. The Policy's liability insuring agreements specifically state that they provide coverage only for Claims "first made against any **Insured** during the **Policy Period** . . . and reported in writing to the Underwriters during the Policy Period or as otherwise provided in Clause IX. of this Policy."

COMPLAINT FOR DECLARATORY JUDGMENT - 3
(2:24-cv-1713)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

20. The Preferred Amendatory Endorsement to the Policy deletes paragraph A. of Clause IX. Notice of Claim, Loss or Circumstance that Might Lead to a Claim in its entirety and replaces it with the following relevant language:

> If any **Claim** is made against the **Insured**, the **Insured** shall forward as soon as practicable upon knowledge of the **Control Group**, to the Underwriters through persons named in Item 8.A. of the Declarations written notice of such **Claim** in the form of a telecopy, email, or express or certified mail together with every demand, notice, summons or other process received by the **Insured** or the **Insured's** representative. In no event shall such notice to the Underwriters be later than the end of the **Policy Period**, the end of the Optional Extension Period (if applicable), or sixty (60) days after the expiration date of the **Policy Period** in the case of **Claims** first made against the **Insured** during the last sixty (60) days of the **Policy Period**.

21. The Policy defines "Claim," in relevant part, as:

> 1. a written demand received by any **Insured** for money or services including the service of a suit or institution of arbitration proceedings;

>   \*     \*     \*

> Multiple **Claims** arising from the same or a series of related or repeated acts, errors or omissions, or from any continuing acts, errors or omissions, or from multiple **Security Breaches** arising from a failure of **Computer Security**, shall be considered a single **Claim** for the purposes of this Policy, irrespective of the number of claimants or **Insureds** involved in the **Claim**. All such **Claims** shall be deemed to have been made at the time of the first such **Claim**.

22. The Policy defines "Policy Period" as:

> the period of time between the inception date shown in the Declarations and the effective date of termination, expiration or cancellation of this Insurance and specifically excludes any Optional Extension Period or any prior policy period or renewal period.

23. The Policy Period for the Policy is from October 3, 2017 to October 3, 2018.

**The Data Breach and Resulting Litigation**

24. Alacer is a financial services firm based in Bellevue, Washington.

25. In May 2018, the Bank of Hope (the "Bank") contracted with Alacer to evaluate the Bank's customer due diligence policies, procedures, and practices.

COMPLAINT FOR DECLARATORY JUDGMENT - 4
(2:24-cv-1713)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

26. This project required Alacer to have access to the non-public, personal information of the Bank's customers.

27. In June 2018, an unknown third party published a document containing non-public information concerning 10,808 of the Bank's customers (the "Data Breach").

28. On July 26, 2018, the Bank notified Alacer of the Data Breach and demanded that Alacer indemnify the Bank for all costs incurred in response to the Data Breach (the "July Demand Letter"). A true and accurate copy of the July Demand Letter is attached hereto as Exhibit 3.

29. On September 28, 2018, the Bank sent Alacer a follow-up letter, informing Alacer that the Bank had to date incurred a total of $65,752.04 in expenses as a result of the Data Breach and that its expenses were ongoing (the "September Demand Letter"). A true and accurate copy of the September Demand Letter is attached hereto as Exhibit 4.

30. On October 16, 2018, purported representatives of the Bank's customers whose personal information was allegedly compromised filed a class action lawsuit against the Bank in California state court (the "Class Action Lawsuit").

31. National Union, the Bank's insurer, settled the Class Action Lawsuit on behalf of the Bank.

32. National Union, as subrogee and assignee of the Bank, then filed the Subrogation Lawsuit against Alacer, alleging breach of contract, professional negligence, and violation of the Washington Consumer Protection Act, and demanding that Alacer pay in excess of $1 million dollars for loss related to the Data Breach and the Class Action Lawsuit.

**Alacer's Claims for Coverage**

33. Alacer received the July Demand Letter on July 26, 2018, which was sixty-nine (69) days prior to the end of the Policy Period.

34. On October 16, 2018, thirteen (13) days after the end of the Policy Period, Alacer first notified Beazley of the Data Breach and the Bank's demands for indemnification. A true and accurate copy of Alacer's first notification to Beazley is attached hereto as Exhibit 5.

COMPLAINT FOR DECLARATORY JUDGMENT - 5
(2:24-cv-1713)

35. In letters dated November 5, 2018 and November 14, 2018, Beazley declined coverage for the Data Breach and the Bank's demands for indemnification. True and accurate copies of Beazley's denial letters are attached hereto as Exhibit 6.

36. On November 6, 2018, the Bank sent another letter to Alacer, notifying Alacer about the Class Action Lawsuit and demanding indemnification for its losses arising from the Data Breach and the Class Action Lawsuit (the "November Demand Letter").

37. Shortly thereafter, Alacer notified Beazley about the November Demand Letter and requested coverage under the Policy.

38. In a letter dated December 7, 2018, Beazley denied coverage for the November Demand Letter. A true and accurate copy of Beazley's denial letter is attached hereto as Exhibit 7.

39. On October 24, 2023, National Union filed the Subrogation Lawsuit against Alacer.

40. Shortly thereafter, Alacer notified Beazley about the Subrogation Lawsuit and requested coverage under the Policy.

41. On November 27, 2023, Beazley sent a letter to Alacer declining coverage for the Subrogation Lawsuit. A true and accurate copy of Beazley's denial letter is attached hereto as Exhibit 8.

**The Subrogation Lawsuit Is Not Covered Under the Policy**

42. The July Demand Letter is a "written demand received by any **Insured** for money or services."

43. Under the terms of the Policy's definition of "Claim," the July Demand Letter constitutes a Claim.

44. Under the terms of the Policy's definition of "Claim," the July Demand Letter, the September Demand Letter, the November Demand Letter, and the Subrogation Lawsuit all "aris[e] from the same or a series of related or repeated acts, errors or omissions, or from any

COMPLAINT FOR DECLARATORY JUDGMENT - 6
(2:24-cv-1713)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

continuing acts, errors or omissions" and therefore constitute a "single **Claim**" (the "Bank of Hope Claim") that "shall be deemed to have been made at the time of the first such **Claim**."

45. The July Demand Letter, which Alacer received on July 26, 2018, was the "first such **Claim**," and therefore the entire Bank of Hope Claim, including the Subrogation Lawsuit, "shall be deemed to have been made" on July 26, 2018.

46. The Policy covers only Claims "first made against any **Insured** during the **Policy Period** and reported in writing to the Underwriters during the **Policy Period** or as otherwise provided in Clause IX. of this Policy."

47. Clause IX of the Policy, as amended by endorsement, states as follows in relevant part: "In no event shall such notice to the Underwriters be later than the end of the **Policy Period**, the end of the Optional Extension Period (if applicable), or sixty (60) days after the expiration date of the **Policy Period** in the case of **Claims** first made against the **Insured** during the last sixty (60) days of the **Policy Period.**"

48. There is no "Optional Extension Period" applicable to the Bank of Hope Claim.

49. The Bank of Hope Claim was not "first made against the **Insured** during the last sixty (60) days of the **Policy Period**"; it was "first made" upon Alacer's receipt of the July Demand Letter, on July 26, 2018, which was sixty-nine (69) days before the end of the Policy Period.

50. Therefore, under the terms of the Policy, in order to obtain coverage for the Bank of Hope Claim, Alacer was required to provide notice of that Claim to Beazley by no later than October 3, 2018 – *i.e.*, the final day of the Policy Period.

51. Alacer first provided notice of the Bank of Hope Claim on October 16, 2018.

52. Because Alacer failed to provide notice of the Bank of Hope Claim to Beazley on or before October 3, 2018, the Bank of Hope Claim was not "reported in writing to [Beazley] during the **Policy Period** or as otherwise provided in Clause IX. of this Policy" as required to trigger coverage under the Policy.

COMPLAINT FOR DECLARATORY JUDGMENT - 7
(2:24-cv-1713)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

53. Accordingly, there is no coverage for the Bank of Hope Claim, including the Subrogation Lawsuit, under the Policy.

## COUNT ONE
**(Declaratory Judgment – Duty to Defend)**

54. Beazley hereby repeats and realleges Paragraphs 1 through 53 as if set forth fully herein.

55. An actual and justiciable controversy exists between Beazley and Alacer concerning their respective rights and liabilities under the Policy.

56. Alacer contends that under the Policy, Beazley is obligated to provide Alacer with a defense against the Bank of Hope Claim, including the Subrogation Lawsuit.

57. Beazley has no duty to defend Alacer against the Bank of Hope Claim, including the Subrogation Lawsuit, because the Bank of Hope Claim was not reported to Beazley by the required deadline to trigger coverage under the Policy.

58. Beazley is entitled to a declaration that it has no obligation to defend Alacer with respect to the Bank of Hope Claim, including the Subrogation Lawsuit.

## COUNT TWO
**(Declaratory Judgment – Duty to Indemnify)**

59. Beazley hereby repeats and realleges Paragraphs 1 through 58 as if set forth fully herein.

60. An actual and justiciable controversy exists between Beazley and Alacer concerning their respective rights and liabilities under the Policy.

61. Alacer contends that under the Policy, Beazley is obligated to indemnify Alacer against the Bank of Hope Claim, including the Subrogation Lawsuit.

62. Beazley has no duty to indemnify Alacer against the Bank of Hope Claim, including the Subrogation Lawsuit, because the Bank of Hope Claim was not reported to Beazley by the required deadline to trigger coverage under the Policy.

COMPLAINT FOR DECLARATORY JUDGMENT - 8
(2:24-cv-1713)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

63. Beazley is entitled to a declaration that it owes no duty to indemnify Alacer with respect to the Subrogation Lawsuit.

### PRAYER FOR RELIEF

WHEREFORE, pursuant to 28 U.S.C. §§ 2201 and 2202, Beazley respectfully prays for the following relief:

i) As for Count One, a declaration that Beazley has no duty under the Policy to defend Alacer against the Bank of Hope Claim, including the Subrogation Lawsuit;

ii) As for Count Two, a declaration that Beazley has no duty under the Policy to indemnify Alacer against the Bank of Hope Claim, including the Subrogation Lawsuit;

iii) Awarding such other relief as the Court may deem just, equitable, and proper.

DATED this 17th day of October, 2024.

                                             PLAINTIFF,
                                             BEAZLEY INSURANCE COMPANY, INC.

By */s/ Lauren Rainwater*
Lauren Rainwater, WSBA #43625
Davis Wright Tremaine LLP
920 5th Avenue, Suite 3300
Seattle, WA 98104
(206) 757-8119
laurenrainwater@dwt.com

*/s/ Jonathan S. Zelig*
Jonathan S. Zelig (*pro hac vice* forthcoming), MA Bar No. 569432
Day Pitney LLP
One Federal Street, 29th Floor
Boston, MA 02110
(617) 345-4601
jzelig@daypitney.com

COMPLAINT FOR DECLARATORY JUDGMENT - 9
(2:24-cv-1713)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*/s/ Catherine A. DeLanzo*
Catherine A. DeLanzo (*pro hac vice* forthcoming), CT Bar No. 442247
Day Pitney LLP
225 Asylum Street
Hartford, CT 06103
(860) 275-0159
cdelanzo@daypitney.com

COMPLAINT FOR DECLARATORY JUDGMENT - 10
(2:24-cv-1713)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax